THOMAS J. SMITH, ADMINISTRATOR, &c., OF BRIDGET L.
SMITH, DECEASED, PLAINTIFF IN ERROR, v. ARTHUR
W. BARNARD, DEFENDANT IN ERROR.

Submitted July 11, 1910—Decided November 20, 1911.

In an action for death by wrongful act. under the statute of 1848
(*Gen. Stat., p.* 1188), it is competent to show the family rela-
tions existing between deceased and the next of kin, and that
they benefited in a pecuniary way by her earnings, as a basis
of pecuniary injury resulting to them from her death.

On error to the Bergen Circuit Court.

For the plaintiff in error, *Mackay & Mackay.*

For the defendant in error, *Doremus & Lecour.*

The opinion of the court was delivered by

PARKER, J. This case arose out of the same accident as the
suit of Charles H. Smith against the same defendant (*supra p.*
468), and the two cases were tried together. The circumstances,
as inferable from the evidence, will be found in the opinion in
the other case. Bridget L. Smith died as a result of the acci-
dent. When plaintiff's counsel rested his case, a nonsuit was
moved first in the case of the administrator, and granted on
the ground that no pecuniary injury to the next of kin had
been shown. Hence, the question of defendant's negligence,
which was the question dealt with in the other nonsuit, was not
raised. Of course, it is no more available here than in that
case; and as Bridget was only a passenger in her brother's
wagon, the question of his contributory negligence does not
affect this case at all (*New York, Lake Erie and Western
Railroad* v. *Steinbreuner,* 18 *Vroom* 161), and there is no
intimation that she was herself negligent. Consequently, un-
less the nonsuit was justified on the ground on which it was
put, it cannot be supported at all.

If there was an absence of evidence to show pecuniary injury resulting to the next of kin, such lack of evidence was due to error of the trial court in overruling questions directly tending to bring out the facts required to supply this element of the case. It appeared in the testimony of Anna Smith that Bridget Smith was thirty-five years old, unmarried, and worked in New York; that she lived in the same house as her brothers Charles and Thomas, and her sister Anna; that she earned $10 a week. Then followed these questions, all of which were overruled and exceptions taken, and the rulings assigned for error:

"*Q*. What did she do with her money?

"*Q*. Do you know what she did with her earnings?

"*Q*. Will you explain how you lived in this house together, how you ran this house?

"*Q*. To whom did Bridget L. Smith, the deceased, pay her earnings?"

These questions were all unobjectionable (except, perhaps, the last as involving an assumption of fact). They tended directly to show the relations of Bridget to the family and the financial system under which the household was run and the possible dependence of some upon others. It may well be, for example, that Anna was dependent in part upon Bridget for her support; or that Bridget contributed her earnings to a joint fund and that the brothers as well as the sister benefited thereby. Any relations as a result of which the next of kin have a reasonable expectation of pecuniary benefit from a continuance of the life of the deceased, are included in the purview of the statute. *Paulmier* v. *Erie Railway Co.*, 5 *Vroom* 151. Other relevant decisions are *Batton* v. *Public Service Corporation*, 45 *Id.* 857, 860; *Polo* v. *Palisade Construction Co.*, *Id.* 873, 877; *Carter* v. *West Jersey,* &c., *Railroad Co.*, 47 *Id.* 602. Consequently, it was error to exclude these questions and thereby deprive plaintiff of the ability to show the pecuniary injury to the next of kin.

For these reasons, and those contained in the other opinion that are applicable to this case, the judgment of nonsuit will be reversed to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ.    12.